IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3087 |
| vs. | |
| | ORDER |
| LISA MARIE BOOTON, | |
| Defendant. | |

This matter is before the Court on the defendant's "petition for relief" under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The defendant's motion will be denied.

The defendant argues for eligibility for a sentence reduction based on §§ 403 and 404 of the First Step Act. Filing 90 at 2. The First Step Act, § 404, gives retroactive effect to §§ 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). As relevant, those sections increased the amount of cocaine base needed to trigger higher mandatory minimum and maximum sentences under 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) and 21 U.S.C. § 844. §§ 2-3, 124 Stat. 2372. The Fair Sentencing Act had the effect of reducing sentences for defendants convicted of offenses involving cocaine base.

But the defendant wasn't convicted of an offense involving cocaine base—rather, she was convicted of conspiring to distribute methamphetamine or possess it with intent to distribute. Filing 88 at 1. Furthermore, the only offenses covered by the First Step Act are those committed before the Fair Sentencing Act took effect—that is, those "committed before August 3, 2010." § 404(a), 132 Stat. 5194. But the defendant was sentenced in 2019 for an offense committed between 2013 and 2017. *See* filing 1; filing 88. So, even had

the defendant been convicted of a cocaine offense, the First Step Act would provide her no relief. *See* § 404(c), 132 Stat. 5194.

The defendant's motion also refers to other provisions of the First Step Act, 132 Stat. 5194: for instance, § 401, which raised the bar for a prior drug felony to be used to raise the mandatory minimum sentence, and § 402, which broadened safety valve eligibility. *See* filing 90 at 3. But the defendant only faced the ordinary 10-year mandatory minimum sentence. Filing 89 at 1. And she possessed a firearm in connection with the offense, filing 86 at 5, so she wouldn't have been eligible for even the expanded safety valve, *see* 18 U.S.C. § 3553(f)(2). And those changes weren't retroactive anyway. *See* §§ 401(c) & 402(b), 132 Stat. 5194.

In short, none of the changes made by the First Step Act asserted by the defendant had any bearing on her conviction or sentence. Accordingly,

IT IS ORDERED that the defendant's motion to reduce sentence (filing 90) is denied.

Dated this 23rd day of July, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge